KEVIN PLANEGGER
Anderson & Jahde, P.C.
4582 S. Ulster Street, Suite 1350
Denver, CO 80237
Phone: 303-782-0003
Fax: 303-782-0055
kevin@andersonjahde.com

CAROL V. LAVINE
Carol Vogt Lavine, LLC
10824 SE Oak Street, #155
Milwaukie, OR 97222
Phone: 503-650-5361
Fax: 503-650-6511
carol@lavinetaxlaw.com

*Attorneys for Defendant Robert A. Pfaff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.

**ROBERT ALAN PFAFF; LEFT
COAST CELLARS, LLC; THE
GOODENOUGH IRREVOCABLE
TRUST, through its Trustee, John
Lanning; THE GET REALTY
TRUST, through its Trustee, John
Lanning, PACIFIC LIFE
INSURANCE COMPANY; PFAFF
HOLDING COMPANY, LLC;
TAYLOR G. PFAFF; CALI E.
PFAFF; KARELTON T. PFAFF;
and GHOGALE INVESTMENTS,
LLC,**

      Defendants.

Civil Action No. 3:25-cv-00266-AR

**ANSWER** of Robert A. Pfaff
to the United States of America's
FIRST AMENDED COMPLAINT
to Reduce Tax Assessments to
Judgment and Enforce Federal Tax
Liens

Defendant Robert Alan Pfaff (hereinafter "Defendant") hereby respectfully submits to this Honorable Court his Answer to the First Amended Complaint filed by the United States of America (hereinafter "Plaintiff") on September 10, 2025. Throughout this Answer, Robert Alan Pfaff will be referred to as "Defendant." Other defendants in this case will be referred to by name. Defendant denies each and every allegation of the First Amended Complaint which has not been specifically admitted or qualified herein. Further answering the numbered paragraphs in the Complaint, Defendant responds as follows:

1.  Defendant opposes the relief sought by Plaintiff in this civil action as outlined in Paragraph 1 of the First Amended Complaint.

2.  Defendant admits that this action was brought by Plaintiff pursuant to 26 U.S.C. § 7401 and § 7403. Defendant does not have sufficient knowledge to admit or deny communications which may have occurred between the Attorney General of the United States and the Chief Counsel of the Internal Revenue Service or delegates thereof.

3.  Defendant admits the allegations in Paragraph 3 of the Frist Amended Complaint.

4.  Defendant admits the allegations in Paragraph 4 of the First Amended Complaint.

5.  Defendant admits that he is a named Defendant in this case. Defendant further admits that he may owe federal income tax for the 2011 and 2012 tax

years depending on the outcome of pending litigation in the United States Tax Court. Defendant denies the remaining averments in paragraph 5 of the First Amended Complaint.

6.  Defendant admits that Left Coast Cellars, LLC is a named Defendant in this case, but denies the remaining averments in paragraph 6 of the First Amended Complaint.

7.  Defendant admits that Goodenough Irrevocable Trust is a named Defendant in this case, but denies the remaining averments in paragraph 7 of the First Amended Complaint.

8.  Defendant admits that GET Realty Trust is named as a Defendant in this case, but denies the remaining averments in paragraph 8 of the First Amended Complaint.

9.  Defendant admits that Left Coast Holdings, LLC is a named Defendant in this case, but denies the remaining averments in paragraph 9 of the First Amended Complaint.

10. Defendant admits that Pfaff Holding Company, LLC is a named Defendant in this case, but denies the remaining averments in paragraph 10 of the First Amended Complaint.

11. Defendant admits that Taylor G. Pfaff is Pfaff's son, and that he is a named Defendant in this case. Defendant does not have sufficient knowledge or information at this time to admit or deny the remaining averments in paragraph 11 of the First Amended Complaint.

12. Defendant admits that Cali E. Pfaff is Pfaff's daughter, and that she is a named Defendant in this case. Defendant does not have sufficient knowledge or information at this time to admit or deny the remaining averments in paragraph 12 of the First Amended Complaint.

13. Defendant admits that Karleton T. Pfaff is Pfaff's son, and that he is a named Defendant in this case. Defendant does not have sufficient knowledge or information at this time to admit or deny the remaining averments in paragraph 13 of the First Amended Complaint.

14. Defendant admits that Ghogale Investments, LLC is a named Defendant in this case, but does not have sufficient knowledge or information at this time to admit or deny the remaining averments in paragraph 14 of the First Amended Complaint.

15. Defendant admits that Pacific Life Insurance Company is a named Defendant in this case, but Defendant does not have sufficient knowledge or information at this time to admit or deny the remaining averments in paragraph 15 of the First Amended Complaint.

16. Defendant admits that he became a licensed Certified Public Accountant in 1973 and became a licensed attorney in 1979.

17. Defendant admits that he is a former partner at KPMG, and that he had expertise in international tax law.

18. Defendant denies that he is currently "well-versed" in the design, marketing, and implementation of complex tax shelters; Defendant admits that he had

knowledge of the design, marketing, and implementation of complex tax shelters in the late 1990s and early 2000s.

19. Defendant denies the allegations in paragraph 19 of the First Amended Complaint.

20. Defendant admits that he and another KPMG senior tax manager resigned from KPMG in 1997 and formed new entities with the common name "Presidio" through which they promoted, marketed, and implemented tax shelters, some of which involved foreign currency trades. Defendant admits that these tax shelters were collectively referred to as the "the KPMG tax shelters" and within the industry were commonly known as "FLIP," "OPIS," and "BLIPS."

21. Defendant admits the allegation in paragraph 21 of the First Amended Complaint.

22. Defendant admits that he, through Presidio, sold KPMG tax shelters to more than 100 wealthy investors.

23. Defendant admits the allegations in paragraph 23 of the First Amended Complaint.

24. Defendant admits the allegations in paragraph 24 of the First Amended Complaint.

25. Defendant admits the allegations in paragraph 25 of the First Amended Complaint.

26. Defendant admits the allegations in paragraph 26 of the First Amended

Complaint.

27. Defendant admits that the jury in the KPMG tax shelter case returned a verdict finding Pfaff guilty on numerous charges in the indictment, and finding him not guilty on other charges in the indictment.

28. Defendant admits the allegations in paragraph 28 of the First Amended Complaint.

29. Defendant admits the allegations in paragraph 29 of the First Amended Complaint.

30. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 29 of the First Amended Complaint.

31. Defendant admits that he filed federal income tax returns for the 2011 and 2012 tax years, and reported owing income tax of $886,559 on the 2011 return and income tax of $82,937 on the 2012 return. The overwhelming majority of the total tax liability on the 2011 and 2012 income tax returns was attributable to retirement account distributions that the Internal Revenue Service is simultaneously seeking to tax in earlier years in currently pending litigation in the United States Tax Court. Defendant acknowledges that the 2011 and 2012 income tax assessments remain unpaid, but Defendant paid $2,000,000 from the retirement account distributions toward his estimated tax liability for the 1998, 1999 and 2000 tax years, and therefore, denies that he failed to pay tax that was due and owing. Defendant is not required to pay tax twice on the

same item of income.

32. Defendant admits the allegations in paragraph 32 of the First Amended Complaint.

33. Defendant admits the allegations in paragraph 33 of the First Amended Complaint.

34. Defendant admits the allegations in paragraph 34 of the First Amended Complaint.

35. Defendant admits that the 2011 and 2012 income tax assessments remain unpaid, but denies that he failed, refused, or neglected to pay his outstanding federal income tax liabilities in full. Defendant used $2,000,000 of the retirement account proceeds to pay toward his possible tax liability for this income due to the IRS position that the income should have been reported in earlier years.

36. Defendant admits the allegations in paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations in paragraph 37 of the First Amended Complaint.

38. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 37 of the First Amended Complaint.

39. Defendant admits that he, through Presidio, promoted the KPMG tax shelters.

40. Defendant admits the allegations in paragraph 40 of the First Amended Complaint.

41.  Defendant denies that he was required to register the KPMG tax shelters

pursuant to 26 § 6111, but admits that there were penalty assessments made on

September 19, 2011 pursuant to a pre-2004 (before amendment by the

American Jobs Creation Act of 2004) version of 26 U.S.C. § 6707(a)(1).

Defendant further denies the veracity, legality, and amount of the September

19, 2011 assessments even if he was required to register the KPMG tax

shelters.

42.  Defendant admits that penalties were assessed against him on September 19,

2011.

43.  Defendant admits that the chart included in paragraph 43 accurately sets forth

the tax years and assessment dates of the promoter penalty assessments against

the Defendant. Defendant denies that the chart in paragraph 43 accurately sets

forth the original assessed amounts or the current balance due amounts.  The

original penalty assessments were $1,397,574 for the 1997 year; $17,824,803

for the 1998 year; $105,039,593 for the 1999 year; and $35,970,056 for the

2000 year (the assessments totaled $160,232,026). Defendant received credit

against those assessments for payments made by joint and several co-obligors

(KPMG, Deutsche Bank and others).  These other payments, according to

public information/press releases, totaled at least $300,000,000, but the

Internal Revenue Service only credited the Defendant's accounts with

approximately $95,000,000, and failed to provide any documentation or

methodology for their partial allocation. The Plaintiff's alleged balance due amounts in the chart are also erroneous.

44. Defendant admits that the IRS gave Pfaff notices of the assessments.

45. Defendant admits that he did not pay the Section 6707 penalty in full. Defendant denies that he refused or neglected to pay the balance and denies any implication from the words "refused" or "neglected" that he had the ability to make full payment, and made a conscious decision not to pay. The United States had knowledge of Defendant's limited financial resources, and proceeded to assess a penalty in an amount that exceeded $160,000,000. Further, Defendant consistently cooperated with Plaintiff's requests for financial information, and submitted two separate offers in compromise to make payment based on his full payment potential.

46. Defendant denies that the unpaid balance of the assessments referred to in paragraphs 42 and 43, above (including accrued interest, statutory additions, and any credits, abatements, or payments), total $113,779,957.20. Based on information and belief, Defendant contends that payments from other joint and several co-obligors of this liability have not been properly allocated and credited to Mr. Pfaff's assessments, and that the unpaid balance of the promoter penalty assessments is certainly much less, and may be paid in full. Defendant admits that statutory additions including interest, continue to accrue on the correct amounts owed (if any) to the United States as allowed by law until the correct balance (if any) is paid in full.

47. Defendant denies the allegations in paragraph 47 of the First Amended Complaint. Defendant denies that he is indebted to the United States for any unpaid (pre-2004) Section 6707 penalty.

48. Defendant admits the United States has brought this action and seeks to foreclose its federal tax liens against nine parcels of real property in Polk County, Oregon. Defendant admits that some of the parcels are used for wine production.

49. Defendant admits the United States has brought this action and seeks to foreclose against its federal tax liens against Defendant's alleged interest in Goodenough Irrevocable Trust, which holds an interest in Left Coast Winery. Defendant denies that he has any interest in the Goodenough Irrevocable Trust.

50. Defendant admits the United States has brought this action and seeks to foreclose against its federal tax liens against Defendant's alleged interest in Get Realty Trust, which holds an interest in Left Coast Winery. Defendant denies that he has any interest in the Get Realty Trust.

51. Defendant admits the United States has brought this action and seeks to foreclose against its federal tax liens against Defendant's alleged interest in Pfaff Holding Company, LLC, which holds an interest in Left Coast Winery. Defendant denies that he has any interest in Pfaff Holding Company, LLC.

52. Defendant admits the allegations in paragraph 52 of the First Amended Complaint.

53. Defendant admits the allegations in paragraph 53 of the First Amended Complaint.

54. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 54 of the First Amended Complaint.

55. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 55 of the First Amended Complaint.

56. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 56 of the First Amended Complaint.

57. Defendant admits the allegations in paragraph 57 of the First Amended Complaint.

58. Defendant admits that the Left Coast Winery's website refers to it as a family-owned business, but does not have sufficient knowledge or information at this time to admit or deny the remaining allegations in paragraph 58 of the First Amended Complaint.

59. Defendant does not have sufficient knowledge or information to admit or deny the allegations in paragraph 59 of the First Amended Complaint.

60. Defendant admits that he and Suzanne Pfaff have worked for Left Coast and have received compensation for their services.

61. Defendant admits that he has had, but does not currently have, access to a Left Coast Winery credit card in the past for business purchases related to his employment as a gardener and chef.

62. Defendant admits that the IRS began an investigation for income tax owed for the 1998 through 2002 tax years, but Defendant does not have sufficient knowledge or information to admit or deny when such investigation began.

63. Defendant denies the allegations in paragraph 63 of the First Amended Complaint.

64. Defendant denies the allegations in paragraph 64 of the First Amended Complaint.

65. Defendant denies the allegations in paragraph 65 of the First Amended Complaint.

66. Defendant denies the allegations in paragraph 66 of the First Amended Complaint.

67. Defendant denies the allegations in paragraph 67 of the First Amended Complaint.

68. Defendant admits that Suzanne was the settlor of the W.S. Investment Trust, and Defendant was the original trustee, but denies the remaining averments in paragraph 68 of the First Amended Complaint.

69. Defendant admits the allegations in paragraph 69 of the First Amended Complaint.

70. Defendant admits the allegations in paragraph 70 of the First Amended Complaint.

71. Defendant denies the allegations in paragraph 71 of the First Amended Complaint.

72. Defendant admits the allegations in paragraph 72 of the First Amended Complaint.

73. Defendant does not have sufficient knowledge or recollection at this time to admit or deny the allegations regarding the specifics of what he told IRS in an interview, but Defendant admits that he had broad authority as the trustee.

74. Defendant admits the allegations in paragraph 74 of the First Amended Complaint.

75. Defendant admits the allegations in paragraph 75 of the First Amended Complaint.

76. Defendant admits the allegations in paragraph 76 of the First Amended Complaint.

77. Defendant admits the allegations in paragraph 77 of the First Amended Complaint.

78. Defendant admits the allegations in paragraph 78 of the First Amended Complaint.

79. Defendant admits the allegations in paragraph 79 of the First Amended Complaint.

80. Defendant admits the allegations in paragraph 80 of the First Amended Complaint.

81. Defendant admits the allegations in paragraph 81 of the First Amended Complaint.

82. Defendant admits that John Lanning was a partner with him at KPMG and was criminally charged in the KPMG tax shelter case.

83. Defendant admits that GET Realty Trust and Goodenough Trust distributed ownership interests to the Defendant's children, but denies the remaining averments in paragraph 83 of the First Amended Complaint. Defendant specifically denies any allegation that the erroneous and illegal lien filed against him in 2017 had any impact on trust distributions. The 2017 lien (for alleged income tax due for the Defendant's 1998 and 1999 tax years) was attributable to a second assessment of tax on the same items of income. Defendant was previously assessed income tax for the 1998 and 1999 tax years in 2005, and he paid over $9,000,000 to pay those tax assessments in full. Due to negligence, incompetence or malfeasance, the United States made additional assessments of tax in 2012, 2013 and 2016 attributable to some of the same income adjustments.

84. Defendant admits that a lien was recorded in Polk County on September 28, 2022 that names GET Realty Trust as the Alter Ego of Robert A. Pfaff.

85. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 84 of the First Amended Complaint.

86. Defendant denies the allegations in paragraph 86 of the First Amended Complaint.

87. Defendant denies the allegations in paragraph 87 of the First Amended Complaint.

88. Defendant denies the allegations in paragraph 88 of the First Amended Complaint.

89. Defendant denies the allegations in paragraph 89 of the First Amended Complaint.

90. Defendant admits that the IRS began an investigation for income tax owed for the 1998 through 2002 tax years, but Defendant does not have sufficient knowledge or information to admit or deny when such investigation began.

91. Defendant admits that the Goodenough Irrevocable Trust was created by trust agreement in 2003. Defendant also admits that the IRS began an investigation for income tax owed for the 1998 through 2002 tax years, but Defendant does not have sufficient knowledge or information to admit or deny when such investigation began.

92. Defendant admits the allegations in paragraph 92 of the First Amended Complaint.

93. Defendant admits the allegations in paragraph 93 of the First Amended Complaint.

94. Defendant admits the allegations in paragraph 94 of the First Amended Complaint.

95. Defendant admits the allegations in paragraph 95 of the First Amended Complaint.

96. Defendant admits the allegations in paragraph 96 of the First Amended Complaint.

97. Defendant denies the allegations in paragraph 97 of the First Amended Complaint.

98. Defendant admits the allegations in paragraph 98 of the First Amended Complaint.

99. Defendant does not have sufficient knowledge or recollection at this time to admit or deny the allegations regarding the specifics of "claims" that he may have made about his actions as trustee.

100. Defendant does not have sufficient knowledge or recollection at this time to admit or deny the allegations regarding the specifics of "claims" that he may have made about his actions as trustee.

101. Defendant admits the allegations in paragraph 101 of the Complaint.

102. Defendant admits the allegations in paragraph 102 of the Complaint.

103. Defendant admits that John Lanning was a partner with him at KPMG and was criminally charged in the KPMG tax shelter case.

104. Defendant admits that a Notice of Federal Tax Lien was recorded in Polk County on January 3, 2022 in the name of Goodenough Irrevocable Trust as the Alter Ego of Robert A. Pfaff.

105. Defendant incorporates by reference all prior responses to the allegations

set forth in paragraphs 1 through 104 of the First Amended Complaint.

106. Defendant denies the allegations in paragraph 106 of the First Amended Complaint.

107. Defendant denies the allegations in paragraph 107 of the First Amended Complaint.

108. Defendant denies the allegations in paragraph 108 of the First Amended Complaint.

109. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 109 of the First Amended Complaint.

110. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 110 of the First Amended Complaint.

111. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 111 of the First Amended Complaint.

112. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 112 of the First Amended Complaint.

113. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 113 of the First Amended Complaint.

114. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 114 of the First Amended Complaint.

115. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 114 of the First Amended Complaint.

116. Defendant denies the allegations in paragraph 116 of the First Amended Complaint.

117. Defendant denies the allegations in paragraph 117 of the First Amended Complaint.

118. Defendant denies the allegations in paragraph 118 of the First Amended Complaint.

119. Defendant denies the allegations in paragraph 119 of the First Amended Complaint.

120. Defendant denies the allegations in paragraph 120 of the First Amended Complaint.

121. Defendant admits that the IRS began an investigation for income tax owed for the 1998 through 2002 tax years, but Defendant does not have sufficient knowledge or information to admit or deny when such investigation began.

122. Defendant admits that Left Coast Cellars, LLC was incorporated in the State of Colorado in 2004, and further admits that the IRS began an investigation for income tax owed for the 1998 through 2002 tax years, but Defendant does not have sufficient knowledge or information to admit or deny when such

investigation began.

123. Defendant admits the allegations in paragraph 123 of the First Amended Complaint.

124. Defendant admits the allegations in paragraph 124 of the First Amended Complaint.

125. Defendant admits that Left Coast Winery is currently located in Rickreall, Oregon, but denies the remaining allegations in paragraph 125 of the First Amended Complaint.

126. Defendant admits the allegations in paragraph 126 of the First Amended Complaint.

127. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 127 of the First Amended Complaint.

128. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 128 of the First Amended Complaint.

129. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 129 of the First Amended Complaint.

130. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 130 of the First Amended Complaint.

131. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 131 of the First Amended Complaint.

132. Defendant admits that Taylor G. Pfaff, Cali E. Pfaff, GET Realty Trust, Goodenough Irrevocable Trust, and Ghogale Investments, LLC have ownership interests in Left Coast Holdings, but denies that percentage ownership interests set forth in paragraph 132 are correct.

133. Defendant does not have sufficient knowledge or information at this time to admit or deny the allegations in paragraph 133 of the First Amended Complaint.

134. Defendant admits that the purchase price for the initial property on which the winery was built was approximately $1.3 million.

135. Defendant admits the allegations in paragraph 135 of the First Amended Complaint.

136. Defendant admits the allegations in paragraph 136 of the First Amended Complaint.

137. Defendant admits the allegations in paragraph 137 of the First Amended Complaint.

138. Defendant admits the allegations in paragraph 138 of the First Amended Complaint.

139. Defendant admits the allegations in paragraph 139 of the First Amended Complaint.

140. Defendant admits the allegations in paragraph 140 of the First Amended Complaint, except denies that the purchase date was September 22, 2003.

141. Defendant admits the allegations in paragraph 141 of the First Amended Complaint.

142. Defendant admits the allegations in paragraph 142 of the First Amended Complaint, except denies that the purchase date was September 14, 2006.

143. Defendant admits that the GET Realty Trust transferred four parcels of real property to Left Coast Cellars, LLC in 2009.

144. Defendant admits that Left Coast Cellars purchased an adjacent parcel of real estate for $715,000 in 2016, but denies the remaining allegations in paragraph 114 of the First Amended Complaint.

145. Defendant admits the allegations in paragraph 145 of the First Amended Complaint.

146. Defendant admits the allegations in paragraph 146 of the First Amended Complaint.

147. Defendant admits that a Notice of Federal Tax Lien was recorded in Polk County, Oregon against him on March 16, 2012 and refiled on September 28, 2022 with respect to his 2011 and 2012 income tax liabilities.

148. Defendant admits that a Notice of Federal Tax Lien was recorded in Polk County, Oregon against him on November 4, 2020 and refiled on January 11, 2021 for Section 6707 promoter penalty assessments.

149. Defendant admits that a Notice of Federal Tax Lien was recorded in Polk

County, Oregon on February 10, 2025 with respect to his income tax liabilities and Section 6707 promoter penalty assessments, and naming Left Coast Cellars, LLC as the nominee of Robert A. Pfaff.

150. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 149 of the First Amended Complaint.

151. Defendant denies the allegations in paragraph 151 of the First Amended Complaint.

152. Defendant denies the allegations in paragraph 152 of the First Amended Complaint.

153. Defendant denies the allegations in paragraph 153 of the First Amended Complaint.

154. Defendant denies the allegations in paragraph 154 of the First Amended Complaint.

155. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 154 of the First Amended Complaint.

156. Defendant denies the allegations in paragraph 156 of the First Amended Complaint.

157. Defendant denies the allegations in paragraph 157 of the First Amended Complaint.

158. Defendant denies the allegations in paragraph 158 of the First Amended Complaint.

159. Defendant denies the allegations in paragraph 159 of the First Amended

Complaint.

160. Defendant denies the allegations in paragraph 160 of the First Amended Complaint.

161. Defendant incorporates by reference all prior responses to the allegations set forth in paragraphs 1 through 160 of the First Amended Complaint.

162. Defendant denies the allegations in paragraph 162 of the First Amended Complaint.

163. Defendant denies the allegations in paragraph 163 of the First Amended Complaint.

164. Defendant denies the allegations in paragraph 164 of the First Amended Complaint.

165. Defendant denies the allegations in paragraph 165 of the First Amended Complaint.

166. Defendant denies the allegations in paragraph 166 of the First Amended Complaint.

167. Defendant denies the allegations in paragraph 167 of the First Amended Complaint.

168. Defendant denies the allegations in paragraph 168 of the First Amended Complaint.

169. Defendant denies the allegations in paragraph 169 of the First Amended Complaint.

170. Defendant denies the allegations in paragraph 170 of the First Amended

Complaint.

171. Defendant opposes the relief requested in paragraphs A through I in

Plaintiff's Prayer for Relief on pages 26 and 27 of the First Amended

Complaint.

## FIRST AFFIRMATIVE DEFENSE

172. Plaintiff fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

173. Plaintiff's claims are barred to the extent Plaintiff has not joined all

indispensable parties.

## THIRD AFFIRMATIVE DEFENSE

174. Plaintiff's claims are barred or diminished to the extent Plaintiff did not satisfy

certain legal and/or administrative requirements prior to bringing this action.

Plaintiff's claims are also barred or diminished for Plaintiff's failure to exhaust

available administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

175. Plaintiff's claims are barred by the statute of limitations on assessment.

## FIFTH AFFIRMATIVE DEFENSE

176. Plaintiff's claims are barred by the statute of limitations on collection.

## SIXTH AFFIRMATIVE DEFENSE

177. Plaintiff's claims are barred or diminished to the extent Defendant does not owe the assessments at issue. As used in this paragraph, "assessments at issue" include the federal income tax, penalty, and interest assessments against Defendant as described in Count 1 of the Complaint and the penalties and interest assessed against Defendant as described in Count II of the Complaint. "Assessments at issue" also refer to or include total and/or current balance due as alleged by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

178. The IRS incorrectly and improperly calculated the amount of any possible penalties under Section 6707 such that the total amount of $160,232,026 is excessive and should be disallowed or substantially reduced.

## EIGHTH AFFIRMATIVE DEFENSE

179. Plaintiff's claims are barred or diminished to the extent Plaintiff has failed to give proper credit for any and all payments made by Defendant to the assessments at issue.

## NINTH AFFIRMATIVE DEFENSE

180. Plaintiff's claims are barred or diminished to the extent Plaintiff has failed to give proper credit for any and all payments made by co-obligors who are jointly and severally liable for the promoter penalty assessments at issue in this case.

181. Based on public information, Defendant is aware of at least $300,000,000 of

payments made by co-obligors toward these same promoter penalties, most notably KPMG ($100,000,000 payment), and Deutsche Bank ($149,839,000).

182. Defendant is also aware of specific payments made by another co-obligor that were not credited to the Defendant's alleged liability for the promoter penalty.

## TENTH AFFIRMATIVE DEFENSE

183. Plaintiff's claims are barred because, apart from Defendant Robert C. Pfaff, any and all other parties named by Plaintiff as Defendants in the Complaint are not liable for the assessments at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

184. Plaintiff's claims are barred to the extent that relief requested in the Complaint violates Defendant's rights under the Eighth Amendment of the U.S. Constitution, as the government cannot impose "excessive fines." U.S. Const. amend. VIII.

185. The penalties and interest described in Count II of the Complaint are subject to the constraints and limits set forth in the Eighth Amendment.

186. The promoter penalties assessed against Defendant in the amount of $160,232,026 for allegedly failing to file required registration forms are punitive, excessive, and grossly disproportional to the conduct the government seeks to punish.

## TWELFTH AFFIRMATIVE DEFENSE

187. Plaintiff's claims are barred to the extent that relief requested in the Complaint

violates Defendant's right to due process as conferred to him under the Fifth Amendment of the U.S. Constitution.

188. The IRS revenue agents in this case conspired to manipulate the clear statutory language to assess promoter penalties in amounts that they knew would be impossible for the Defendant to pay, and therefore, impossible for the Defendant to obtain any substantive administrative or judicial review of his alleged liability.

189. The IRS revenue agents in this case engaged in a pattern of misconduct to similarly assess unconscionably large penalty amounts against other individuals that would not be subject to timely administrative or judicial review.

190. The Plaintiff brings this action now to reduce assessments to judgment, 28 years after the initial alleged conduct that is the basis for these penalties. The Defendant's first opportunity to challenge these illegal assessments is unconstitutionally hindered by the passage of time.

## THIRTEENTH AFFIRMATIVE DEFENSE

191. Plaintiff's claims are barred or diminished by estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

192. Plaintiff's claims are barred or diminished to the extent they violate principles of equity. This Court has discretion, including equitable discretion, in granting any relief requested under 26 U.S.C. § 7403.

### FIFTEENTH AFFIRMATIVE DEFENSE

193. Plaintiff's claims are barred or diminished to the extent that the government

    engaged in selective prosecution by assessing the same penalty against joint and

    several co-promoters in enormously different amounts with no rational basis.

### RESERVATION OF OTHER DEFENSES

194. Defendant reserves the right to add any affirmative defenses as the same

    becomes known to him through disclosure or discovery in this case.

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of

my knowledge, information, and belief that this answer: (1) is not being presented for

an improper purpose, such as to harass, cause unnecessary delay, or needlessly

increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law; (3) the factual

contentions have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or

discovery; and (4) the answer otherwise complies with the requirements of Rule 11.


WHEREFORE, the Defendant respectfully requests this Court:

    A. Dismiss the Complaint in this case with prejudice with denial of all relief sought

    by the Plaintiff.

    B. Enter judgment on behalf of the Defendant that he does not have any liability

for the so-called Section 6707 promoter penalty, and/or that any liability has been paid in full.

C. Enter judgment on behalf of the Defendant that he does not have any income tax liability for the 2011 and 2012 tax years;

D. Enter judgment on behalf of the Defendant that the liens filed against him (and alleged alter-ego/nominees) are invalid and must be withdrawn.

E. Award costs of this lawsuit and attorney fees incurred by Defendant in defense of this lawsuit;

F. Grant such other and further relief as this Court deems just and proper.

DATED at Denver, Colorado this 24th day of September, 2025.

s/ Kevin A. Planegger
Kevin A. Planegger
ANDERSON & JAHDE, P.C
4582 S. Ulster Street, Suite 1350
Denver, Colorado 80237
Phone: 303-782-0003
Fax: 303-782-0055
Email: Kevin@AndersonJahde.com

Attorney for Defendant Robert A. Pfaff